IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| LONNIE BUTTS, | : | |
| | : | |
| Plaintiff | : | CIVIL ACTION NO. 7:08-CV-7 (HL) |
| | : | |
| | : | |
| VS. | : | PROCEEDINGS UNDER 42 U.S.C. § 1983 |
| | : | BEFORE THE U.S. MAGISTRATE JUDGE |
| | : | |
| Officer WHITE; Officer ECHOLES; | : | |
| Officer BATES, | | |
| | : | |
| Defendants | : | **RECOMMENDATION** |

Plaintiff **LONNIE BATES**, an inmate at Valdosta State Prison in Valdosta, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. He also seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). In an Order dated February 6, 2008 the Court granted plaintiff's application to proceed *in forma pauperis* but ordered that he pay an initial partial filing fee in the amount of $15.83. Plaintiff has paid the initial partial filing fee.

## I. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A, a federal court is required to dismiss a prisoner's complaint against a governmental entity or officer or employee of a governmental entity at any time if the court determines that the action "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." A claim is frivolous "where it lacks an arguable basis either in law or in fact." ***Neitzke v. Williams***, 490 U.S. 319, 325 (1989). A complaint may be dismissed for failure to state a claim on which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. ***Scheuer v. Rhodes***, 416 U.S. 232 (1974).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege or immunity secured by the Constitution of the United States. See ***Wideman v. Shallowford Community Hosp., Inc.***, 826 F.2d 1030, 1032 (11th Cir. 1987). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. ***Id.***

## II.  STATEMENT AND ANALYSIS OF PLAINTIFF'S CLAIMS

Plaintiff alleges that Officers Echoles and White threatened and harassed him on March 22, 2007. These officers called him a derogatory name and threatened to hang him. However, allegations of threats, verbal abuse, and name calling by officials are not actionable under 42 U.S.C. § 1983. ***McFadden v. Lucas***, 713 F.2d 143, 146 (5th Cir.), ***cert. denied*** 464 U.S. 988 (1983); ***Stacey v. Ford***, 554 F. Supp. 8 (N.D. Ga. 1982).  Thus, although these officers verbal remarks and other actions may have been offensive, they simply do not state a viable claim under § 1983.

Therefore, the Undersigned recommends that this claim and these two officers be **DISMISSED** from this action.

Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the District Judge to whom this case is assigned within ten (10) days after being served with a copy of this order.

**SO RECOMMENDED**, this 1st  day of April, 2008.


*/s/ Richard L. Hodge*
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE


lnb