IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

LONNIE BUTTS,

    Plaintiff,

v.                           7:08-CV-7 (WLS)

OFFICER BATES,

    Defendant.

## ORDER

Before the Court is a Report and Recommendation from United States Magistrate Judge G. Mallon Faircloth filed December 4, 2008. (Doc. 33). It is recommended that Plaintiff's Motion to Amend his Complaint (Doc. 19) be **GRANTED** to include claims asserted against **Officer McCloud, Sergeant Hollis**, and **Warden Hart**. It is recommended that Plaintiff's claims against **Lt. McDougle** and **Officer Watson** be **DISMISSED**. Plaintiff timely filed an objection to the Report and Recommendation on December 18, 2009. (Doc. 34). For the following reasons, Plaintiff's Objections (Doc. 34) are **OVERRULED** and United States Magistrate Judge Faircloth's Report and Recommendation (Doc. 33) is **ACCEPTED, ADOPTED** and made the Order of this Court.

In the recommendation, pursuant to frivolity review under 28 U.S.C. § 1915(e)(2), Judge Faircloth found that Plaintiff's claims against Watson and Dougle should not proceed. Plaintiff asserted that in March 2007, he reported to McDougle that Watson was selling illegal drugs. Plaintiff contended that Watson's alleged illegal actions caused drug-addicted inmates to steal his belongs and such actions generally created a dangerous environment the prison. Plaintiff

1

stated that McDougle told Plaintiff he did not care what other officers did, but also told him to file a grievance. Plaintiff asserted that McDougle took no further action.

Judge Faircloth found that Plaintiffs allegations against Watson and McDougle were separate and distinct from his other allegations concerning an alleged incident on January 4, 2008 involving Bates, McCloud, Hollis, and Hart. Further, Judge Faircloth found that while Plaintiff could file a separate lawsuit against Watson and McDougle, the alleged harm asserted by Plaintiff was too vague to state a cognizable claim.

In his objection, Plaintiff contends that his claims against Watson and McDougle should proceed based upon his contention that cell phones and illegal drugs can form the basis for a deliberate indifference constitutional claim as a threat to prisoner safety. Plaintiff does not provide additional support for his claims or advance arguments unavailable to Judge Faircloth.

Judge Faircloth considered the Plaintiffs' Complaint (Doc. 2) and information submitted with his Complaint and Motion to Amend (Doc. 19). Thus, Judge Faircloth properly found that Plaintiffs purported claims against Watson and McDougle constitute separate and distinct incidents unrelated to Plaintiff's other claims.[1]

Upon full review and consideration of the record, the Court finds that said Report and Recommendation (Doc. 33) should be, and hereby is, **ACCEPTED, ADOPTED** and made the Order of this Court, as modified, for reason of the findings made and reasons stated therein, together with the findings made and reasons stated herein. Accordingly, Plaintiff's Motion to Amend (Doc. 19) is **GRANTED**. Plaintiff's Complaint (Doc. 2; Doc. 19) shall be served upon Defendants **Officer McCloud, Sergeant Hollis**, and **Warden Hart**. Plaintiff's purported claims against **Lt. McDougle** and **Officer Watson** are **DISMISSED**.

---

[1] The Court makes no finding herein as to the potential viability of Plaintiff's claims against Watson and McDougle in a separate action.

**SO ORDERED**, this 24th day of December, 2009.

_____
THE HONORABLE W. LOUIS SANDS,
UNITED STATES DISTRICT COURT