# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

LONNIE BUTTS, :
:
    Plaintiff, :
:
VS. : Civil Action File No.
: 7 : 08-CV-7 (HL)
OFFICER BATES, et al., :
:
    Defendants. :

## **RECOMMENDATION**

Presently pending in this *pro se* prisoner action under 42 U.S.C. § 1983 is Defendants' motion to dismiss the complaint (Doc. 41).

In his original (Doc. 2) and amended (Doc. 19) complaints, Plaintiff alleges that on January 4, 2008, while he was confined at Valdosta State Prison, Defendant Officer Bates physically and sexually assaulted him. Plaintiff alleges that Officer McCloud was present during the alleged assault upon him by Officer Bates, and failed to stop the assault or help Plaintiff. Plaintiff alleges that Sgt. Hollis, a supervisor at the prison, refused to order that the handcuffs placed on Plaintiff by Officer Bates be loosened, despite Plaintiff's complaint that they were too tight. Plaintiff alleges that he received permanent damage as a result of the handcuffs being too tight for too long a time. Plaintiff alleges that Defendant Darrell Hart, the warden at the prison, had prior knowledge that Officer Bates had a history of violent attacks against inmates, and refused to fire Officer Bates despite his knowledge of Bates' propensity to attack inmates.

*Sanctions*

All of the Defendants have filed this motion to dismiss in part pursuant to 28 U.S.C. §

1915(e), requesting that the court dismiss Plaintiff's complaint as a sanction for his submission of a fraudulent affidavit or sworn statement of another inmate, Willie Collier. (Doc. 2 Attach. A). Defendants have submitted the deposition of Willie Collier in support of their motion. (Doc. 41 Exhibit A). Mr. Collier stated that he did not write or sign the witness statement submitted by Plaintiff, and that he did not agree with the version of events as memorialized in the witness statement submitted by Plaintiff. Additionally, Defendants have submitted a witness statement from Mr. Collier created during the internal investigation of the allegations that are the subject of this complaint, wherein he states that he did not see any alleged assault of Plaintiff, but only witnessed that Plaintiff had been handcuffed. (*Id*. p. 23).

The Eleventh Circuit has upheld the dismissal of actions as a malicious abuse of process when an inmate plaintiff fails to fully disclose all prior litigation on their civil complaint form. *See Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998) (explaining that a dismissal for failure to disclose prior litigation was "precisely the type of strike that Congress envisioned when drafting section 1915(g)"), cert. denied, 524 U.S. 978 (1998); *Hood v. Tompkins*, 197 Fed. Appx. 818 (11th Cir. 2006); *Williamson v. Hamelton*, 2007 WL 1746916 (N.D. Fla.).

Plaintiff has filed several responses in opposition to the motion to dismiss. One response, apparently written by a "jailhouse lawyer" by the name of Randall Bingham, descends into a philosophical discussion about the purpose of incarceration, the PLRA and the constitutionality of its requirement of exhaustion of administrative remedies, former President William Jefferson Clinton, and several other largely irrelevant arguments. (Doc. 45). Plaintiff spends a great portion of another response arguing the issue of exhaustion of administrative remedies under the PLRA. (Doc. 54). As the Defendants have not moved for dismissal on the basis of failure to exhaust, the undersigned will not address the issue.

In regards to the sworn statement of Mr. Collier, Plaintiff swears that he did not intentionally mislead the court, that he thought he was filling out the form correctly. (Doc. 44). He claims that Mr. Collier is a mental health patient and/or senile (Doc. 45), and that he was probably mentally incompetent at the deposition (Doc. 56), but that the complaint should not be dismissed as he did not intentionally mislead the court.

The undersigned finds that dismissal of the action in its entirety is not appropriate in this case. Given Plaintiff's assertions regarding the witness' competency and the Plaintiff's averment that Plaintiff did not forge the witness' statement, there are factual issues concerning the witness' statement that the court does not believe should be resolved on a motion to dismiss.

*Official Capacity*

All of the Defendants assert that they are entitled to dismissal of the allegations against them in their official capacity as those claims are barred by Eleventh Amendment immunity.

"Unless a State has waived its Eleventh Amendment immunity or Congress has overridden it, a State cannot be sued directly in its own name regardless of the relief sought." *Kentucky v. Graham*, 473 U.S. 159, 167 (1985) (citing *Alabama v. Pugh*, 438 U.S. 781 (1978) (per curiam)). This immunity also extends to state agencies and state officers. "[A] judgment against a public servant 'in his official capacity' imposes liability on the entity that he represents…." *Kentucky v. Graham*, 473 U.S. at 169 (quoting *Brandon v. Holt*, 469 U.S. 464, 471 (1985)).

The Court has repeatedly held that "§1983 does not override a State's Eleventh Amendment immunity." *Will v. Michigan Dept of State Police*, 491 U.S. 58, 63 (1989); *Quern v. Jordan*, 440 U.S. 332, 342 (1979); *Kentucky v. Graham*, 473 U.S. at 169 n. 17.

Therefore, Defendants are entitled to dismissal of the complaint against them regarding any official capacity claims.

*Defendants Hart and Hollis*

Defendants Hart and Hollis additionally assert that they are entitled to dismissal of the complaint as to them pursuant to 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim and based upon qualified immunity.

Defendant Hollis is alleged to have failed to order Defendant Bates to loosen Plaintiff's handcuffs after Plaintiff complained that they were too tight. (Doc. 19 p. 4.) There are no other allegations in Plaintiff's complaint directed at Defendant Hollis' conduct. Warden Hart is alleged to have been deliberately indifferent to Plaintiff's safety because he allegedly knew that Defendant Bates has "had many reprimands in his past records for assaults on inmates" yet Warden Hart has refused to fire him. (Doc. 19 p. 5).

*Failure to State a Claim*

A complaint is subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(6), if it does not "state a claim upon which relief can be granted." On a motion to dismiss Plaintiff is not entitled to the benefit of legal conclusions and other conclusory allegations in the complaint. *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949-50 (2009) (explaining that "[a]lthough . . . [courts] must take all of the factual allegations in the complaint as true, [courts] 'are not bound to accept as true a legal conclusion couched as a factual allegation,'" quoting *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007)). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Iqbal* at 1950.

Once a court "identif[ies] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth," the court must next determine whether the well-pled facts "state a claim to relief that is plausible on its face." *Id*. at 1949-50 (quoting *Twombly,* 550 U.S. at 570).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949 (citing *Twombly,* 550 U.S. at 556). As the United States Supreme Court explained:

> The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Id.* at 1949 (quotation marks and internal citations omitted) (quoting *Twombly,* 550 U.S. at 557). On a Rule 12(b)(6) motion to dismiss, when a court considers the range of possible interpretations of the defendant's alleged conduct, if the "more likely explanations" involve lawful, non-actionable behavior, the court should find that the plaintiff's claim is not plausible. *Id* . at 1950-51. The undersigned is mindful of the Plaintiff's status as a *pro se* prisoner, which the Eleventh Circuit has noted entitles the Plaintiff's pleadings and briefs to a more liberal construction. *Alba v. Montford,* 517 F.3d 1249, 1252 (11th Cir.2008).

To prevail on an Eighth Amendment claim, an inmate must show that the defendants acted with deliberate indifference to his health or safety. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Deliberate indifference occurs only when a defendant "knows of and disregards an excessive risk to inmate health or safety; the [defendants] must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and [they] must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); See also, *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1028 (11th Cir. 2001) (en banc) ("[a]n Eighth Amendment violation will occur when a substantial risk of serious harm, of which the official is subjectively aware, exists and the official does not 'respond[] reasonably to the risk.'") (quoting *Farmer*, 511 U.S. at 844).

Thus, a claim based on deliberate indifference contains three components: "(1) subjective

5

knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." *McElligott v. Foley*, 182 F.3d 1248, 1255 (11th Cir. 1999).

*Qualified Immunity*

Under the doctrine of qualified immunity, "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). "The purpose of qualified immunity is to allow government officials to carry out their discretionary duties without the fear of personal liability or harassing litigation." *McClish v. Nugent,* 483 F.3d 1231, 1237 (11th Cir.2007) (internal quotation omitted). The defense "ensure[s] that before they are subjected to suit, officers are on notice their conduct is unlawful." *Saucier v. Katz,* 533 U.S. 194, 121 S.Ct. 2151, 2158, 150 L.Ed.2d 272 (2001).

While qualified immunity is typically addressed at the summary judgment stage of the case, the defense may be raised and considered on a motion to dismiss. *Williams v. Ala. State. Univ*., 102 F.3d 1179, 1182 (11th Cir.1997). The motion will be granted if the "complaint fails to allege the violation of a clearly established constitutional right."[1]

Assessing a claim of qualified immunity involves a two-step process: once a defendant raises the defense, the plaintiff bears the burden of establishing both that the defendant committed a constitutional violation and that the law governing the circumstances was already clearly established

---

[1]Although Defendants assert in their brief that a heightened pleading standard applies to the facts of this case as they are asserting qualified immunity under Eleventh Circuit case law, the heightened pleading standard in § 1983 actions under Rule 8 of the Federal Rules of Civil Procedure has, since the time Defendants filed their brief, been disapproved. *See Randall v. Scott*, 610 F.3rd 701, 707-710 (11th Cir. 2010).

at the time of the violation. *Pearson v. Callahan,* --- U.S. ----, 129 S.Ct. 808, 815, 172 L.Ed.2d 565 (2009) (quoting *Harlow v. Fitzgerald,* 457 U.S. 800, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982)). Following the Supreme Court's decision in *Pearson,* courts are free to consider these elements in either sequence and to decide the case on the basis of either element that is not demonstrated. *Id.* at 818.

*Defendant Hollis*

The allegations against Defendant Hollis are that he refused to loosen Plaintiff's handcuffs when Plaintiff told him they were too tight and causing pain, leading to allegedly permanent nerve damage.

The Eleventh Circuit has addressed some cases regarding too tight handcuffs in the context of a summary judgment analysis under the Fourth Amendment. *See Nolin v. Isbell,* 207 F.3d 1253, 1257 (11th Cir.2000) (reversing district court's denial of qualified immunity in case involving handcuffing that resulted in bruising for which medical treatment was not sought, finding that minimal amount of force and injury did not overcome such immunity); *Gold v. City of Miami,* 121 F.3d 1442, 1446 (11th Cir.1997) (reversing denial of qualified immunity where plaintiff experienced pain from handcuffs for twenty minutes but suffered only skin abrasions for which he did not seek treatment).

Other courts of appeals have made determinations that too tight handcuffs that allegedly caused permanent nerve damage can violate the constitution. *See, e.g.,* Kopec v. Tate, 361 F.3d 772 (3rd Cir. 2004); *Martin v. Heideman,* 106 F.3d 1308, 1312 (6th Cir.1997) (reversing grant of directed verdict in favor of arresting officer in a section 1983 action alleging excessive force due to overly-tight handcuffs); *Alexander v. County of Los Angeles,* 64 F.3d 1315, 1322-23 (9th Cir.1995) (reversing grant of summary judgment in favor of officers on qualified immunity and holding that

7

fact issue existed as to whether officers used excessive force in refusing to loosen plaintiff's handcuffs); *Palmer v. Sanderson,* 9 F.3d 1433, 1436 (9th Cir.1993) (affirming denial of summary judgment on qualified immunity where deputy allegedly employed excessive force by handcuffing plaintiff so tightly that he was in pain and was left bruised for several weeks).

Factual allegations that, in non-dangerous circumstances, an officer placed an arrestee in excessively tight handcuffs, the officer ignored the arrestee's requests to loosen the handcuffs, and the arrestee suffered permanent nerve damage or injury that required surgery, are sufficient to state an excessive force claim. *See Kopec v. Tate,* 361 F.3d 772, 777 (3rd Cir.2004); *Payne v. Pauley,* 337 F.3d 767, 778-80 (7th Cir.2003).

The allegations here are that Plaintiff did suffer permanent damage as a result of the handcuffs being too tight for too long, and are therefore not similar to *Nolin* or *Gold*. Moreover, this is a motion to dismiss, not a motion for summary judgment, and the respondent's requirements are more stringent in a motion for summary judgment. Liberally construing the complaint in Plaintiff's favor, it appears to the undersigned that Plaintiff has stated a claim against Defendant Hollis. Since Plaintiff has adequately stated a claim against Defendant Hollis, it follows that he is not entitled to qualified immunity at this stage of the litigation. Qualified immunity may be more appropriate at the summary judgment stage. *See Williams*, 102 F.3d at1182.

*Defendant Hart*

Plaintiff alleges that Defendant Hart had knowledge that Officer Bates had a history of using excessive force on inmates by virtue of the complaints lodged against him by other inmates. "A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Farmer,* 511 U.S. at 828.

While an unsworn allegation about a pattern of beatings by Officer Bates is insufficient to

bring this claim within the ambit of preexisting substantial risk of harm sufficient to put an official on notice of the need to alleviate the condition, *see Marsh v. Butler County,* 268 F.3d 1014 (11th Cir.2001), such analysis is more appropriately reserved for the summary judgment stage. The undersigned finds that Plaintiff has adequately stated a claim against Defendant Hart, and that the issue of qualified immunity is more appropriately reserved for the summary judgment stage.

Therefore, it is the RECOMMENDATION of the undersigned that Defendants' motion to dismiss the complaint be **GRANTED in part and DENIED in part** as follows: that the motion be GRANTED as to all Defendants regarding the allegations against them in their official capacities, and DENIED as to all other grounds. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy.

**SO RECOMMENDED**, this 16th day of December, 2010.

S//Thomas Q. Langstaff  
THOMAS Q. LANGSTAFF  
UNITED STATES MAGISTRATE JUDGE

msd